UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

GABINO GENAO,

        Plaintiff,

   -against-

CAPT. RIVERA, CAPT. HYPOLITE, ASST. DEPUTY
WARDEN GLEMAUD, CITY HALL, CITY OF NEW
YORK,

        Defendants.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

20 Civ. 10563 (GBD) (VF)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Gabino Genao, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 against Defendants Captain Rivera, Probe Team Captain Hyppolite, Assistant Deputy Warden Glemaud, City Hall, and the City of New York ("Original Defendants"), alleging that he was beaten and sprayed with a chemical agent while incarcerated as a pretrial detainee at Otis Bantum Correctional Facility, a facility operated by the New York City Department of Corrections. (Compl. ("Original Complaint"), ECF No. 2.) Plaintiff amended the Original Complaint thereafter, adding Defendants Correction Officer Kissoon, Captain LaCroix, Correction Officer Shaw Jr., and Investigator Dwyer ("New Defendants," together with Original Defendants, "Defendants") as additional defendants who violated his rights during the altercation. (*See* Am. Compl. ("Amended Complaint"), ECF No. 45.)

New Defendants move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's claims against them as time-barred. (Mot. to Dismiss ("Motion"), ECF No. 68; Defs.' Mem. of Law in Supp. of Their Partial Mot. to Dismiss ("Defs.' Mem."), ECF No. 70.)

Before this Court is Magistrate Judge Valerie Figueredo's July 12, 2024 Report and Recommendation to grant the Motion, thereby dismissing New Defendants from this action. Plaintiff timely filed an objection to the Report. (*See* Letter (the "Objection"), ECF No. 101.)

Having reviewed the objected-to portions of the Report *de novo* and the remainder of the Report for clear error, this Court **ADOPTS** the Report in full. New Defendants' Motion is **GRANTED**, dismissing the claims against Kissoon, LaCroix, and Shaw Jr., and this Court *sua sponte* dismisses Dwyer from this action.

## I.  BACKGROUND

Plaintiff filed the Original Complaint on December 14, 2020. Plaintiff principally alleged that on or about March 16, 2019, Hyppolite sprayed him with a chemical agent at the direction of Glemaud. (Original Complaint at 4.)

Original Defendants later provided Plaintiff with a set of disclosures pursuant to Federal Rule of Civil Procedure 26 and Local Rule 33.2, on or about June 21, 2021, including a "Use of Force Report." (Decl. of McGuire, Ex. B, ECF No. 69-2, at 5–6.) This report listed forty-seven persons potentially involved in the altercation Plaintiff described in the Original Complaint, including New Defendants. (*See id.* at 2–6.)

On September 15, 2022—over one year and nine months after Plaintiff filed the Original Complaint—Plaintiff wrote a letter to the Court stating, "I request that the court grant me a 90 day extension to amend this complaint. I have yet to be heard on this complaint and need to make several changes to claims prior to the beginning of discovery." (Letter, ECF No. 34.) Notably, Plaintiff's failed mention any intention of adding any additional defendants to this lawsuit.

As explained below, the statute of limitations expired the following month, on October 31, 2022. On November 29, 2022, Magistrate Judge Figueredo scheduled a status conference for

2

December 20, 2022, which did not occur until February 1, 2023. (*See* Order Scheduling Status Conference, ECF No. 36; Order, ECF No. 41.) Plaintiff raised for the first time at this conference that he wished to "add a defendant" and "add another two or three claims." (Tr. of Proceedings, ECF No. 90, at 3). As stated in the Report, defense counsel "did not raise a statute of limitations argument concerning the addition of any new defendants." (Report at 3.) Magistrate Judge Figueredo granted Plaintiff's request to amend the Original Complaint, due to no case management plan having been entered up to that point "and thus no deadline by when Plaintiff had to amend his pleading, and because leave to amend under Federal Rule of Civil Procedure 15 should be freely given . . . ." (*Id.*) In turn, Magistrate Judge Figueredo set March 17, 2023 as the deadline for Plaintiff to do so. (Order, ECF No. 41.)

Plaintiff met this deadline. Conspicuously on the face of the envelope enclosing the Amended Complaint is a Fishkill Correctional postage receipt dated March 15, 2023. (Amended Complaint at 15.) It is thus apparent that Plaintiff provided the Amended Complaint to Fishkill Correctional officials for transmittal to this Court at least two days prior to the March 17, 2023 deadline. The Amended Complaint was entered on the docket three days after the deadline, on March 20, 2023. (*See* docket entry for Amended Complaint.)

In the Amended Complaint, with respect to New Defendants, Plaintiff brings Fourth Amendment excessive force and Eighth Amendment cruel and unusual punishment claims against Kissoon and Shaw Jr. (Count 3); another excessive force claim against Kissoon (Count 4); a cruel and unusual punishment claim against LaCroix (Count 6); an Eighth Amendment deliberate indifference claim against Kissoon and Shaw Jr. (Count 5) and Lacroix (Count 7); and a Fourth Amendment due process and spoliation claim against Dwyer (Count 8).[2] (Amended Complaint at

---

[2] In Count 3, Plaintiff appears to incorrectly merge a cruel and unusual punishment claim and an excessive force claim into a single count falling under the Eighth Amendment alone. (*See* Amended Complaint at

3

11–13.) Plaintiff alleges that Kissoon, Shaw Jr., and LaCroix were involved in the altercation in which he was physically beaten, sprayed with a chemical agent, and denied medical attention. (Amended Complaint ¶¶ 24, 26–29, 37–38.) As to Dwyer, Plaintiff alleges that he was the investigator assigned to the incident and intentionally allowed deletion of the relevant camera footage by "allow[ing] the clock of 90 days to run out" before the footage was deleted automatically. (*See* Amended Complaint ¶ 50.)

New Defendants timely filed this Motion on November 21, 2023. After full submission of the parties' papers on the Motion, Magistrate Judge Figueredo issued an order directing New Defendants "to respond to the argument raised by Plaintiff in his Opposition . . . contending that the addition of [N]ew [D]efendants was not time barred because he sought leave to amend his complaint within the statute of limitations." (Order, ECF No. 86.) In this respect, she directed New Defendants to specifically address "why the statute of limitations was not tolled between the time of the request on September 15, 2022, and when leave was granted on February 1, 2023," and "given Plaintiff's *pro se* status . . . was [he] required to include a proposed supplemental summons and amended complaint with his" September 15, 2022 letter. (*Id.*) On May 30, 2024, New Defendants filed a letter in response to said order. (Letter, ECF No. 87.) Plaintiff also submitted additional responses to said letter on June 3 and 4 2024. (ECF Nos. 88, 89.)

---

11.) Moreover, for Count 4, Plaintiff mistakenly asserts a cause of action for excessive force under the Eighth Amendment which should instead fall under the Fourth Amendment. (*See id.* at 12.) However, this Court must interpret Plaintiff's claims to make "the strongest arguments that they suggest," *Wiggins v. Griffin*, 86 F.4th 987, 996 (2d Cir. 2023), and therefore construes the Amended Complaint as asserting the claims as listed herein.

4

## II.     LEGAL STANDARDS

### A.  Review of a Magistrate Judge's Report and Recommendation

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* "[S]pecific written objections to [a report's] proposed findings and recommendations," including an objection to a "specific legal conclusion," are proper. *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 121 (2d Cir. 2022) (quoting Fed. R. Civ. P. 72(b)(2)).

Portions of a magistrate judge's report to which no or improper objections have been made are reviewed for clear error. *Edwards v. Fischer*, 414 F.Supp.2d 342, 346–47 (S.D.N.Y. 2006); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. Objections that "ignore [a r]eport and simply reiterate arguments made to" the magistrate judge are not proper. *Rodriguez v. Colvin*, No. 12-CV-3931 (RJS) (RLE), 2014 WL 5038410, at *4 (S.D.N.Y. Sept. 29, 2014). Clear error is present when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *Brown v. Cunningham*, No. 14-CV-3515 (VEC) (MHD), 2015 WL 3536615, at *4 (S.D.N.Y. June 4, 2015) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)).

### B.  12(b)(6) Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). A facially plausible claim, in turn, requires the plaintiff to plead facts that

5

enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The factual allegations pleaded must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

### C. Statute of Limitations

Typically, "[t]he lapse of a limitations period is an affirmative defense that a defendant must plead and prove." *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (citing Fed. R. Civ. P. 8(c)(1)). Nonetheless, "a defendant may raise an affirmative defense in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 319 (2d Cir. 2021) (citing *Staehr*, 547 F.3d at 425).

Consequently, a district court may only "consider timeliness on a motion to dismiss when the circumstances are 'sufficiently clear on the face of the complaint and related documents as to make the time-bar ruling appropriate . . . .'" *Arco Capital Corps. Ltd. v. Deutsche Bank AG*, 949 F. Supp. 2d 532, 543 (S.D.N.Y. 2013) (quoting *LC Capital Partners, LP v. Frontier Ins. Grp., Inc.*, 318 F.3d 148, 157 (2d Cir. 2003)). Further, dismissal on this ground is improper unless the "complaint clearly shows the claim is out of time." *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999).

### D. Pro Se

"*Pro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*." *Thomas v. Westchester Cty.*, No. 12-CV-6718 (CS), 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). While the court must read *pro se* complaints "to raise the strongest arguments that they suggest," *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (internal citation and quotation marks omitted), *pro se* plaintiffs "cannot withstand a motion to dismiss unless their pleadings contain factual

6

allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor,* 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (citing *Twombly,* 550 U.S. at 555). Moreover, the court's "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to rewrite it." *Geldzahler v. N.Y. Med. Coll.,* 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations and alterations omitted); *see also Sharma v. D'Silva,* 157 F. Supp. 3d 293, 300 (S.D.N.Y. 2016).

### III. PLAINTIFF'S CLAIMS AGAINST NEW DEFENDANTS ARE DISMISSED

This dispute turns on whether an exception applies for *pro se* litigants to the requirement that a plaintiff who files a motion to amend seeking to add new defendants must provide notice—whether by appending a proposed amended complaint identifying new defendants or otherwise indicating his wish to add any new defendants—to toll the statute of limitations as of the motion's filing date. As it appears that no such exception exists in this Circuit or under New York law, Magistrate Judge Figueredo appropriately concluded that no exception should apply here. Accordingly, Plaintiff's motion to amend did not toll the statute of limitations and therefore his claims against New Defendants are untimely.

As for relation back, because Plaintiff's failure to mention or identify New Defendants in the Original Complaint was not the result of the type of mistake permissible under the doctrine, nor did he include any "John Does" as placeholders for New Defendants, Plaintiff's claims against New Defendants do not relate back and thus are dismissed.

#### A. Timeliness

The Report correctly found that a three-year statute-of-limitations period applies here, given that Plaintiff brings Section 1983 based upon conduct which occurred in New York. (*See* Report at 6–7); *Hogan v. Fischer,* 738 F.3d 509, 517 (2d Cir. 2013) ("Section 1983 does not provide a specific statute of limitations. Thus, courts apply the statute of limitations for personal

7

injury actions under state law."). "In New York, the statute of limitations for Section 1983 claims is New York's general statute of limitations for personal injury actions, N.Y. C.P.L.R. § 214(5), which is three years." *Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 108 (2d Cir. 2023).

For Section 1983 claims, accrual commences "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Hogan*, 738 F.3d at 518 (quoting *Pearl*, 296 F.3d at 80). In turn, as described in the Report, March 16, 2019 serves as the accrual date and New York's COVID-19-related tolling period applied[3] to extend Plaintiff's deadline to October 31, 2022.[4] (Report at 8.)

This Court agrees with the Report that it is appropriate to construe Plaintiff's September 15, 2022 "request that the Court grant [him] a 90 day extension to amend the complaint," (Letter, ECF No. 34), as a motion to file an amended complaint. *See, e.g., Adkins v. City of N.Y.*, No. 19 Civ. 3628 (GBD) (DF), 2020 U.S. Dist. LEXIS 36556, at *7 (S.D.N.Y. Feb. 26, 2020) (construing a *pro se* litigant's language contained in a letter in opposition to a motion to dismiss as a motion to amend). This is in accordance with Magistrate Judge Figueredo's order styling said request as a "request to submit an amended complaint," (Order, ECF No. 41), and this Court's obligation to interpret Plaintiff's submissions liberally. *Jahad v. Holder*, No. 19-cv-04066 (NSR), 2023 WL 8355919, at *10 (S.D.N.Y. Dec. 1, 2023) ("Courts should be more lenient when considering a *pro*

---

[3] Indeed, "courts in this district have uniformly concluded that Executive Order 202.8 applies to federal cases applying New York's statute of limitations, including for § 1983 claims." *Rich v. New York*, No. 21 CIV. 3835 (AT), 2022 WL 992885, at *8 (citing *Lewis v. Westchester Cty.*, No. 20 Civ. 9017, 2021 WL 3932626, at *2 n.3 (S.D.N.Y. Sept. 2, 2021). The tolling period "amounted to a 'pause' in the limitations period—that is, during the duration of the toll, the clock to file did not run, but 'once the toll ended, the clock resumed from where it was when the toll began . . . .'" *Id.* (quoting *Johnston v. City of Syracuse*, No. 20 Civ. 1497, 2021 WL 3930703, at *6 (N.D.N.Y. Sept. 2, 2021)).

[4] One arrives to this October 31, 2022 date by first adding Executive Order 202.8's 227-day tolling period to March 16, 2022, which lands on Saturday, October 29, 2022 and then implementing Federal Rule of Civil Procedure 6(a)(1)(C)'s mandate to "continue[] the limitations period 'until the end of the next day that is not a Saturday, Sunday or legal holiday,'" *Bynum v. Doe*, No. 16-CV-6332(KAM)(ST), 2019 WL 1259568, at *3 (E.D.N.Y. Mar. 19, 2019), which was Monday, October 31, 2022.

8

*se* party's motion to amend than when considering that of a represented party.") (citing *In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008)). Moreover, Defendants initially agreed with this characterization, having acknowledged themselves that Plaintiff "didn't seek leave to amend until [filing his] September 15, 2022 [letter] . . . ."[5] (Reply at 2.)

Magistrate Judge Figueredo's ultimate conclusion was correct, that Plaintiff's motion for leave to amend "does not toll the limitations period for the claims against the New Defendants, because Plaintiff failed to put the New Defendants on notice of the possible claims against them." (Report at 9). Under New York law,[6] "the submission of a motion for leave to amend, *properly accompanied by the proposed amended complaint that provides notice of the substance of those amendments*, tolls the statute of limitations, even though technically the amended complaint will not be filed until the court rules on the motion." *Perez v. Paramount Communs.*, 709 N.E.2d 83, 86 (N.Y. 1999); *accord Long v. Sowande*, 810 N.Y.S.2d 195, 197 (App. Div. 2006).

Plaintiff's *pro se* status makes no difference. New York courts have repeatedly noted that while *pro se* litigants are generally provided "some leeway in the presentation of their case," *Stoves & Stones, Ltd. v. Rubens*, 655 N.Y.S.2d 385, 385 (App. Div. 1997), "[a] *pro se* litigant acquires no greater rights than those of any other litigant and cannot use such status to deprive [a] defendant

---

[5] Before changing their stance in claiming that said letter "was merely a request for an extension of time to amend and not a request for leave to amend the complaint . . . ." (Letter, ECF No. 87.)

[6] State law controls on this issue because "[f]ederal courts borrow state law to determine whether the statute of limitations for a § 1983 action should be tolled, unless the state's tolling rules would defeat the goals of the federal statute," and no such defeat exists here. *See Thomas v. Harris*, No. 10 CIV. 4025 (PAE), 2016 WL 4702443, at *5 (S.D.N.Y. Sept. 6, 2016) (citing *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002)).

of the same rights as other defendants," *Brooks v. Inn at Saratoga Ass'n*, 591 N.Y.S.2d 625, 626 (App. Div. 1992); *see also Mirzoeff v. Nagar*, 861 N.Y.S.2d 740, 740–41 (App. Div. 2008).[7]

Accordingly, Plaintiff's motion to amend did not toll the statute of limitations, and thus Plaintiff's filing of the Amended Complaint on March 15, 2023—long after the statute of limitations expired on October 31, 2022—was untimely.

### B. Relation Back

As an initial matter, New York's relation back doctrine applies. While Federal Rule of Civil Procedure 15(c) may govern relation back in federal actions, the Advisory Committee's notes to the Rule's 1991 amendment advises courts to "assess both the state and federal relation back doctrines and apply whichever law is more generous . . . ." *Jiminez v. Hartford*, No. 21 CIV. 01039 (NSR), 2022 WL 1567701, at *4 (S.D.N.Y. May 17, 2022) (quoting *Anderson v. City of Mount Vernon*, No. 09 CIV. 7082 (ER) (PED), 2014 WL 1877092, at *2–3 (S.D.N.Y. Mar. 28, 2014)). The New York version is more generous than its federal counterpart. *Id.* ("[C]ourts in this District consistently find the New York State relation back rule more generous than the federal provision . . . .").

Under New York law, claims against a newly-added defendant relate back to the original complaint if:

---

[7] Plaintiff's objections to the Report lack merit. In his Objection, Plaintiff (1) rehashes his complaint that Magistrate Judge Figueredo had not timely entered a case management plan and (2) argues that she did not ascribe sufficient leniency to Plaintiff's *pro se* motion to amend. (*See* Letter, ECF No. 101, at 1.) First, although Plaintiff is correct that a case management plan should have been entered sooner, this has no effect on Plaintiff's failure to provide notice to New Defendants as required for tolling. Second, as discussed herein, this Court construes Plaintiff's September 15, 2022 letter as a motion to amend in accordance with the principle of *pro se* leniency, but finding that this filing provided notice to the New Defendants is a bridge too far and would impermissibly "deprive [New Defendants] of the same rights as other defendants." *Brooks*, 591 N.Y.S.2d at 626.

(1) the claims arise out of the same conduct, transaction or occurrence; (2) the new party is "united in interest" with an original defendant and thus can be charged with such notice of the commencement of the action such that a court concludes that the party will not be prejudiced in defending against the action; and (3) the new party knew or should have known that, but for a mistaken omission, they would have been named in the initial pleading . . . .

*Nemeth v. K-Tooling*, 224 N.E.3d 513, 516 (N.Y. 2023) (citing *Buran v. Coupal*, 661 N.E.2d 978 (N.Y. 1995)). New Defendants' arguments pertain to the third prong only, contending that Plaintiff's failure to timely add them was not the result of a mistake as required. (Defs.' Mem. at 4.)

The New York Court of Appeals recently clarified that "the doctrine applies when the party knew or should have known that, but for the mistake—be it a simple oversight or a mistake of law (*i.e.*, that the amending party failed to recognize the other party as a legally necessary party)—the non-amending party would have been named initially." *Nemeth*, 224 N.E.3d at 519.

In *Nemeth*, the parties were embroiled in a yearslong property dispute regarding the defendants' nonconforming use of their own property. *Id.* at 517. The defendants obtained a variance permitting their nonconforming use in 2013, which the plaintiffs challenged by initiating an article 78 proceeding seeking to annul the variance—the first of two challenges they ultimately lodged. *Id.* The plaintiffs' first challenge was successful, prompting the defendants to apply for and eventually obtain a second variance in 2016. *Id.* The plaintiffs challenged the second variance as well but omitted one of the original defendants ("Rosa") in that challenge, and later moved to amend to add Rosa as a defendant after the statute of limitations period had lapsed. *Id.* The New York Court of Appeals concluded that the plaintiffs satisfied the third prong—"that Rosa knew or

should have known that, but for a mistake, she would have been named as a respondent in the underlying article 78." *Id.* at 520. The court arrived at this conclusion because "[Rosa] was named in the first article 78 proceeding challenging the earlier variance, which of course is at the heart of the controversy" and as "the owner of the land benefitted by the variance and as a signatory of the variance application on behalf of a company whose use of the property depends on the variance, Rosa could not have understood her omission to be anything other than an oversight." *Id.* at 520.

The circumstances here require a different result. Plaintiff's omission of New Defendants from the Original Complaint was not "a simple oversight or a mistake of law," *id.* at 519, as Plaintiff never included New Defendants in any previous complaint (or otherwise provided them notice), nor did he allege conduct by anyone other than Rivera, Hyppolite, and Glemaud. (*See* Original Complaint at 3–6.) This occurred notwithstanding that Plaintiff received disclosures setting forth New Defendants' identities and involvement in the altercation approximately one year and four months before the statute of limitations expired. He nevertheless sat on this information from approximately June 2021 through February of 2023 before filing the Amended Complaint. "Under these circumstances, there was no 'mistake' by [P]laintiff as to the proper identity of the parties, within the meaning of the relation-back doctrine, and [New Defendants] had every reason to believe that [P]laintiff had no intent to sue them and that the matter had been laid to rest as far as they were concerned." *Crawford v. City of New York*, 11 N.Y.S.3d 595, 596 (App. Div. 2015); *see also id.* (explaining that notwithstanding the plaintiff's inclusion of John Does in the original complaint, no mistake existed because the plaintiff "was aware of the proper identity of the[] defendants four one-half months prior to the expiration of the statute of limitations. He nevertheless waited another two years to move to amend the complaint, after he had filed a note of issue."); *Arsell v. Mass One LLC*, 900 N.Y.S.2d 380, 381 (App. Div. 2010) ("[G]iven the

plaintiff's knowledge of the existence of [the new defendant] and its involvement in the case long before the applicable limitations period had expired, and her failure to join [it] as a defendant during that period, she did not establish that [it] knew or should have known that, but for a mistake, the direct action would have been commenced against it as well.").

Thus, the Amended Complaint's claims against the New Defendants do not relate back to the Original Complaint, and the New Defendants—except for Dwyer, whose dismissal is on different grounds as discussed below—are dismissed from this case.

### C. Plaintiff Has Not Plausibly Pleaded a Cause of Action Against Dwyer

The Report recommends dismissing Plaintiff's claims against Dwyer because "Plaintiff has not pled a valid cause of action" against him. (*See* Report at 11.) This Court adopts that recommendation and dismisses Dwyer from this action.

Pursuant to 28 U.S.C. § 1915A, for any "complaint in a civil action in which a prisoner seeks redress from a[n] . . . employee of a governmental entity," a court shall dismiss "any portion of the complaint" that "fails to state a claim upon which relief may be granted . . . ." The same applies to a plaintiff proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B). Accordingly, this Court may dismiss *sua sponte* any portion of a complaint which fails to state a claim. *See McFadden v. Noeth*, 827 F. App'x 20, 26 (2d Cir. 2020).

The Amended Complaint fails to plead a valid claim against Dwyer. (*See* Report at 10–11.) Plaintiff only alleges that Dwyer, as the investigator assigned to the incident, "purposefully did not preserve Genetec camera footage of this excessive use of force" by "allow[ing] the clock of 90 days to run out" before the footage was deleted automatically. (*See* Amended Complaint ¶ 50.) Plaintiff claims that Dwyer is responsible for this "'spoilation' of evidence . . . ." (*Id.*)

13

However, there is no independent cause of action for spoliation[8] under New York law, *Ortega v. City of New York*, 876 N.E.2d 1189, 1190 (N.Y. 2007), nor this Circuit. *Andrews v. City of N.Y.*, No. 23-CV-2411 (LTS), 2023 WL 3724978, at *5 (S.D.N.Y. May 30, 2023) ("[W]hile a party to an action may bring a motion for sanctions for spoliation against another party in that action, there is no independent federal cause of action for spoliation."); *Agoliati v. Block 865 Lot 300 LLC*, No. 19 CV 5477 (WFK) (LB), 2021 WL 3193239, at *5 (E.D.N.Y. Apr. 20, 2021). Because Plaintiff has no anchor claim to which his spoliation claim may attach, Dwyer is dismissed from this action.

## IV.  CONCLUSION

New Defendants' Motion, (ECF No. 68), is **GRANTED**. Thus, Kissoon, LaCroix, and Shaw Jr. are dismissed from this action. Defendant Dwyer is dismissed from this case for a failure to state a claim.

The Clerk of Court is directed to terminate the open motion at ECF No. 68.

Dated: September 25, 2024
       New York, New York

                                       SO ORDERED.

                                       *[signature]*
                                       GEORGE B. DANIELS
                                       UNITED STATES DISTRICT JUDGE

---

[8] Courts have referred to such a claim as "spoilation" and "spoliation." *Compare Agoliati*, 2021 WL 3193239, at *5, *with Ortega*, 845 N.Y.S.2d at 774.

14